# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

IN RE: C. R. BARD, INC.
         PELVIC REPAIR SYSTEM               MDL NO. 2187
         PRODUCTS LIABILITY LITIGATION

THIS DOCUMENT RELATES TO:

*Krystal Cook v. C. R. Bard, Inc.*          *Civil Action No. 2:14-cv-09569*

## MEMORANDUM OPINION & ORDER

Pending before the court is defendant C. R. Bard, Inc.'s ("Bard") Motion for Order to Show Cause for Plaintiff Krystal Cook's Failure To Comply With Pretrial Orders # 40 and # 244 ("Motion to Dismiss"). [ECF No. 14]. The plaintiff has responded to the Motion [ECF No. 15]. Thus, this matter is ripe for my review. For the reasons stated below, Bard's Motion [ECF No. 14] is **DENIED**.

## I.     Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 50,000 cases currently pending, over 5,000 of which are in the Bard MDL, MDL 2187. Managing multidistrict litigation ("MDL") requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities.

Pretrial Order ("PTO") # 244 provides that plaintiffs in 332 cases in this MDL, including this case, were required to submit a Plaintiff Fact Sheet ("PFS") on or before April 3, 2017. *See*

PTO # 244 at ¶ A, No. 2:10-md-2187, entered Mar. 3, 2017 [ECF No. 3131]. Here, the plaintiff failed to submit a completed PFS and Bard now moves for sanctions against the plaintiff for failure to comply with PTO # 244.[1] Specifically, Bard seeks dismissal of the plaintiff's case with prejudice.

## II.    Legal Standard

Federal Rule of Civil Procedure 37(b)(2) allows a court to sanction a party for failing to comply with discovery orders. The dismissal of an action is an example of a possible sanction under this rule. Before employing this severe sanction, however, a court must balance the competing interests of the "court's desire to enforce its discovery orders," on the one hand, and "the [plaintiff's] rights to a trial by jury and a fair day in court," on the other. *Mut. Fed. Sav. & Loan v. Richards & Assocs.*, 872 F.2d 88, 92 (4th Cir. 1989). The Fourth Circuit has identified four factors for the court to consider when confronting a motion to dismiss under Rule 37:

> (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

*Id.* (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–06 (4th Cir. 1977)).

In applying these factors to the case at bar, I must be particularly cognizant of the realities of multidistrict litigation and the unique problems an MDL judge faces. Specifically, when handling seven MDLs, each containing thousands of individual cases, case management becomes of utmost importance. *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) (emphasizing the "enormous" task of an MDL court in "figur[ing] out a way to

---

[1] Bard also moves for sanctions against the plaintiff due to her failure to communicate with Bard to schedule her deposition. While PTO # 40 provides that the plaintiff must make a good faith effort to coordinate the scheduling of depositions, PTO # 244 sets the deposition deadline as August 11, 2017. Thus, this argument is premature. Bard may seek relief through a motion to compel the plaintiff to comply with PTO # 40.

move thousands of cases toward resolution on the merits while at the same time respecting their individuality"). I must define rules for discovery and then strictly adhere to those rules, with the purpose of ensuring that pretrial litigation flows as smoothly and efficiently as possible. *See id.* at 1232 ("[T]he district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial."); *see also* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding"). In turn, counsel must collaborate with the court "in fashioning workable programmatic procedures" and cooperate with these procedures thereafter. *Id.* at 1231–32.

Pretrial orders—and the parties' compliance with those orders and the deadlines set forth therein—"are the engine that drives disposition on the merits." *Id.* at 1232. And a "willingness to resort to sanctions" in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation. *Id.*; *see also Freeman v. Wyeth*, 764 F.3d 806, 810 (8th Cir. 2014) ("The MDL judge must be given 'greater discretion' to create and enforce deadlines in order to administrate the litigation effectively. This necessarily includes the power to dismiss cases where litigants do not follow the court's orders.").

## III.  Discussion

Pursuant to PTO # 244, the plaintiff was required to submit a completed PFS by April 3, 2017. The purpose of the PFS, as was the case in *In re Phenylpropanolamine*, is "to give each defendant the specific information necessary to defend the case against it . . . [because] without this device, a defendant [is] unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." 460 F.3d at 1234. As of the date of this Order, the plaintiff has not submitted a complete PFS, making it 79 days late.

Bard asks the court to dismiss the plaintiff's case with prejudice. Applying the *Wilson* factors to these facts, and bearing in mind the unique context of multidistrict litigation, I conclude that although recourse under Rule 37 is justified, the plaintiff should be afforded one more chance to comply with discovery before further sanctions are imposed.

The first factor, bad faith, is difficult to ascertain, given that plaintiff's counsel has not had recent contact with Ms. Cook. The plaintiff, who is represented by counsel, failed to comply with PTO # 244 by timely submitting a complete PFS and provided no indication that she intends to submit a complete PFS. The fact that these failures were blatant and in full knowledge of the court's orders and discovery deadlines leads me to weigh the first factor against the plaintiff. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) ("While not contumacious, perhaps, this is a blatant disregard for the deadlines and procedure imposed by the court, [and t]herefore, we conclude that the [plaintiffs] did not act in good faith.").

The second factor—prejudice caused by noncompliance—also leans toward the order of sanctions. Without a complete PFS, Bard is "unable to mount its defense because it [has] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re Phenylpropanolamine*, 460 F.3d at 1234. Furthermore, because Bard has had to divert its attention away from timely plaintiffs and onto this case the delay has unfairly affected the progress of the remaining plaintiffs in MDL 2187.

The adverse effect on the management of the MDL as a whole segues to the third factor, the need to deter this sort of noncompliance. When parties fail to comply with deadlines provided in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases. In addition, the court expects to have to evaluate and dispose of a significant number of motions

similar to the one at bar, thereby directing its time and resources to noncompliant plaintiffs at the expense of other plaintiffs in this MDL. This cumbersome pattern goes against the purpose of MDL procedure, and I must deter any behavior that would allow it to continue. *See* H.R. Rep. No. 90-1130, at 1 (1967), *reprinted in* 1968 U.S.C.C.A.N. 1898, 1901 (stating that the purpose of establishing MDLs is to "assure the uniform and expeditious treatment" of the included cases).

Application of the first three factors demonstrates that this court is justified in sanctioning the plaintiff. However, application of the fourth factor—the effectiveness of less drastic sanctions—counsels against the relief sought by Bard. Rather than imposing harsh sanctions at this time, the court opts for a lesser sanction and allows the plaintiff one more chance to comply with PTO # 244 subject to dismissal with prejudice, upon motion, if she fails to do so.

Alternative lesser sanctions, such as the ones outlined in Rule 37(b)(2)(i–iv), are impracticable, and therefore ineffective, in the context of an MDL containing over 5,000 cases. The court cannot spare its already limited resources enforcing and monitoring sanctions that are qualified by the individual circumstances of each case, nor would it be fair for the court to place this responsibility on Bard. Therefore, considering the administrative and economic realities of multidistrict litigation, I conclude that affording the plaintiff a final chance to comply with discovery, subject to dismissal with prejudice if they fail to do so, is a "just order" under Rule 37 and in line with the Federal Rules of Civil Procedure as a whole. See Fed. R. Civ. P. 1 (stating that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

## IV.  Conclusion

It is **ORDERED** that Bard's Motion to Dismiss [ECF No. 14] is **DENIED**. It is further **ORDERED** that the plaintiff has **30 days** from the entry of this Order to submit to Bard a complete

PFS with verifications and authorizations. The plaintiff is reminded that the PFS and other forms relevant to participating in this MDL are available at http://www.wvsd.uscourts.gov/MDL/2187/forms.html. Information on where to submit the PFS is also available on the court's website. **Failure to comply with this Order may result in dismissal with prejudice upon motion by Bard**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:          June 20, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE